# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNATHAN LAMB and JIM BELMONT, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **CLASS AND COLLECTIVE ACTION** |
| | ) | |
| JEFF RUBY CULINARY ENTERTAINMENT, INC., THE PRECINCT, INC., CARLO & JOHNNY'S, LTD., JEFF RUBY STEAKHOUSE, LLC, JEFF RUBY'S COLUMBUS, LLC, JEFF RUBY'S STEAKHOUSE LEXINGTON, LLC, JEFF RUBY'S LOUISVILLE, LLC, and JEFF RUBY'S NASHVILLE, LLC, d/b/a JEFF RUBY CULINARY ENTERTAINMENT, | ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. _____** **JURY DEMAND** |
| | ) | |
| *Defendants*. | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

## I. INTRODUCTION

1.  Plaintiffs Johnathan Lamb ("Plaintiff Lamb") and Jim Belmont ("Plaintiff Belmont" (collectively referred to as "Plaintiffs") bring this action against Defendants Jeff Ruby Culinary Entertainment, Inc., The Precinct, Inc., Carlo & Johnny's, Ltd., Jeff Ruby Steakhouse, LLC, Jeff Ruby's Columbus, LLC, Jeff Ruby's Steakhouse Lexington, LLC, Jeff Ruby's Louisville, LLC, and Jeff Ruby's Nashville, LLC (collectively, "Defendants"). Defendants are a single enterprise that does business under the name of Jeff Ruby Culinary Entertainment operating seven luxury steakhouses across Ohio, Kentucky, and Tennessee.

2.  The claims asserted in this action are identical to those asserted in a collective and class action entitled *Lamb et al. v. Jeff Ruby Culinary Entertainment, Inc.*, 1:24-cv-00097 (S.D.

1

Ohio.) (referred to herein as *Lamb* I). In *Lamb* I, approximately one hundred and twenty-seven (127) individuals, including Named Plaintiffs Johnathon Lamb and Jim Belmont, asserted claims under the FLSA. The Parties have stipulated that the FLSA claims asserted by Plaintiffs in *Lamb* I shall be deemed filed and tolled in this action on the date such claims were filed in *Lamb* I. In *Lamb* I, Named Plaintiff Lamb asserted class action claims for violation of the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 *et seq.*, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Parties have stipulated that Plaintiff Lamb's KWHA class action claims shall be tolled on the same date that they were filed in *Lamb* I. In *Lamb* I, Named Plaintiff Belmont asserted class action claims for violation of the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*; the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15; and the Ohio Constitution, Art. II Section 34a. (collectively referred to herein as the "Ohio Wage Laws"), pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Parties have stipulated that Plaintiff Belmont's Ohio Wage Laws class action claims shall be tolled on the same date that they were filed in *Lamb* I.

3. Plaintiffs bring these claims against Defendants, who were their employers, in order to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, restitution, attorneys' fees, costs, and all other damages available under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the KWHA; the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*; the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15; and the Ohio Constitution, Art. II Section 34a. The Ohio Wage Act, the OPPA, and Art. II, Section 34a of the Ohio Constitution are collectively referred to herein as the "Ohio Wage Laws." Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated employees who file their written consent to join this action pursuant to

2

29 U.S.C. § 216(b). Plaintiffs bring their respective state-law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.     Plaintiffs and those similarly situated are current and former employees of Defendants at one or more of their seven steakhouses who were paid a tipped hourly wage less than the statutory $7.25 per hour minimum wage and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek (or the applicable Ohio minimum wage and minimum overtime wage rates) and for whom Defendants relied on the "tip credit" provisions of the FLSA and applicable state laws to satisfy their statutory minimum wage obligations (hereafter, "Tip Credit Employees"). These Tip Credit Employees include, for example, servers and bartenders.

5.     Defendants violated the FLSA, KWHA, and the Ohio Wage Laws because they required Tip Credit Employees to: (1) share tips with back-of-house employees who earn have no or only *de minimis* interaction with customers while taking a tip credit; (2) spend substantial amounts of time performing non-tip-producing and directly supporting work tasks before and after serving customers and throughout their shift while being paid less than the statutory minimum wage and not working in a tipped occupation for defined periods of time; and (3) spend time working at the beginning of their shifts without being clocked in for pay purposes as reflected in Defendants' records of their scheduled start time when they arrived and their clock-in time when they were finally able to clock in for pay purposes.

6.     Until and through June 30, 2022, Defendants also violated the KWHA because they unlawfully required Tip Credit Employees to remit their tips for distribution among other employees, in violation of KRS 337.065, which (prior to July 1, 2022) prohibited an employer from "requir[ing] an employee to participate in a tip pool whereby the employee is required to remit to the pool any gratuity, or any portion thereof, for distribution among employees of the

3

employer."[1]

7.     Because the requirements for taking the tip credit were not satisfied, Defendants were not permitted to rely on it to satisfy their minimum wage and overtime obligations under the FLSA, KWHA, and the Ohio Wage Laws and were required to pay the entire statutory minimum wage and overtime wage.

8.     Under the FLSA, KWHA, and the Ohio Wage Laws, Defendants may not retain tips other than to contribute them pursuant to a lawful tip-share or tip-pool of employees who customarily and regularly receive tips. By using and retaining these tips to pay back-of-house employees, Defendants retained tips earned by Plaintiffs and other Tip Credit Employees for their own benefit and are required to return the tips to the employees who earned them and pay liquidated damages.

## II.  JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiffs' claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.  The Parties have stipulated to this Court's jurisdiction over this action.

10.     This Court has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367. The Parties have stipulated to this Court's jurisdiction over this action.

11.     Venue for this action properly lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.  The Parties have stipulated that venue for this action properly lies in the Middle District of Tennessee.

---

[1]     The Kentucky Legislature amended KRS 337.065 to permit mandatory tip pooling effective July 1, 2022.

4

## III. PARTIES

**A.    Plaintiff**

12.    Plaintiff Lamb is a resident of Stanford, Lincoln County, Kentucky.

13.    Defendants employed Plaintiff Lamb as a server at their Jeff Ruby's Steakhouse restaurant located in Lexington, Kentucky from approximately February 2019 through approximately March 2023.

14.    Throughout his employment, Defendants paid Plaintiff Lamb hourly wages less than the statutory $7.25 per hour minimum wage and the $10.88 per hour minimum overtime wage and relied on customer tips to satisfy their minimum wage obligations to Plaintiff Lamb, pursuant to the tip-credit provisions of the FLSA and KWHA.

15.    Plaintiff Belmont is a resident of Cincinnati, Hamilton County, Ohio.

16.    Defendants employed Plaintiff Belmont as a server at their Carlo and Johnny's restaurant located in Cincinnati, Ohio from approximately April 2014 through approximately June 2024.

17.    Throughout his employment, Defendants paid Plaintiff Belmont hourly wages less than the statutory $7.25 per hour minimum wage and the $10.88 per hour minimum overtime wage (and less than the applicable Ohio minimum wage and minimum overtime wage rates) and relied on customer tips to satisfy their minimum wage obligations to Plaintiff Belmont, pursuant to the tip-credit provisions of the FLSA and Ohio Wage Laws.

**B.    Defendants**

18.    Jeff Ruby founded Jeff Ruby Culinary Entertainment, which is made up of several entities, including all of the entities named as Defendants in this case.

19.    Jeff Ruby Culinary Entertainment owns and operates several luxury steakhouses.

5

20.     The seven steakhouses owned and operated by Jeff Ruby Culinary Entertainment are:

    a.  The Precinct by Jeff Ruby, located at 311 Delta Avenue, Cincinnati, Ohio 45226;

    b.  Carlo & Johnny by Jeff Ruby, located at 9769 Montgomery Road, Cincinnati, Ohio 45242;

    c.  Jeff Ruby's Steakhouse – Cincinnati, located at 505 Vine Street, Cincinnati, Ohio 45202;

    d.  Jeff Ruby's Steakhouse – Columbus, located at 89 East Nationwide Boulevard, Columbus, Ohio 43215;

    e.  Jeff Ruby's Steakhouse – Lexington, located at 101 West Vine Street, Lexington, Kentucky 40507;

    f.  Jeff Ruby's Steakhouse – Louisville, located at 325 West Main Street, Louisville, Kentucky 40202; and,

    g.  Jeff Ruby's Steakhouse – Nashville, located at 300 4th Avenue North, Nashville, Tennessee 37219.

21.     Defendant Jeff Ruby Culinary Entertainment, Inc. is an Ohio corporation with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

22.     Defendant Jeff Ruby Culinary Entertainment, Inc.'s registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

23.     Defendant Jeff Ruby Culinary Entertainment, Inc. has at all relevant times been an employer of the employees at the seven steakhouses at issue in this case within the meaning of the FLSA, KWHA, and Ohio Wage Laws.

24.     Defendant Jeff Ruby Culinary Entertainment, Inc.

25.     Defendant The Precinct, Inc. is an Ohio corporation with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

26.     Defendant The Precinct, Inc.'s registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

27.     Defendant The Precinct, Inc. is the entity through which Defendants' business enterprise owns and operates its steakhouse, The Precinct by Jeff Ruby, located at 311 Delta Avenue, Cincinnati, Ohio 45226.

28.     Defendant The Precinct, Inc. has at all relevant times been an employer of the Tip Credit Employees at The Precinct by Jeff Ruby within the meaning of the FLSA and the Ohio Wage Laws.

29.     Defendant Carlo & Johnny's, Ltd. is an Ohio limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

30.     Defendant Carlo & Johnny's, Ltd.'s registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

31.     Defendant Carlo & Johnny's, Ltd. is the entity through which Defendants' business enterprise owns and operates its steakhouse, Carlo & Johnny by Jeff Ruby, located at 9769 Montgomery Road, Cincinnati, Ohio 45242.

32.     Defendant Carlo & Johnny's, Ltd. has at all relevant times been an employer of the Tip Credit Employees at Carlo & Johnny by Jeff Ruby within the meaning of the FLSA and the Ohio Wage Laws.

33.     Defendant Jeff Ruby Steakhouse, LLC is an Ohio limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

34.     Defendant Jeff Ruby Steakhouse, LLC's registered agent is Taft Service Solutions

7

Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

35.     Defendant Jeff Ruby Steakhouse, LLC is the entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Cincinnati, located at 505 Vine Street, Cincinnati, Ohio 45202.

36.     Defendant Jeff Ruby Steakhouse, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Cincinnati within the meaning of the FLSA and the Ohio Wage Laws.

37.     Defendant Jeff Ruby's Columbus, LLC is an Ohio limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

38.     Defendant Jeff Ruby's Columbus, LLC's registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

39.     Defendant Jeff Ruby's Columbus, LLC is an entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Columbus, located at 89 East Nationwide Boulevard, Columbus, Ohio 43215.

40.     Defendant Jeff Ruby's Columbus, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Columbus within the meaning of the FLSA and the Ohio Wage Laws.

41.     Defendant Jeff Ruby's Steakhouse Lexington, LLC is Kentucky limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

42.     Defendant Jeff Ruby's Steakhouse Lexington, LLC's registered agent is Taft Service Solutions Corp., who can be served at 50 East Rivercenter Boulevard, Suite 850,

Covington, Kentucky 41011.

43.     Defendant Jeff Ruby's Steakhouse Lexington, LLC is the entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Lexington, located at 101 West Vine Street, Lexington, Kentucky 40507.

44.     Defendant Jeff Ruby's Steakhouse Lexington, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Lexington within the meaning of the FLSA and KWHA.

45.     Defendant Jeff Ruby's Louisville, LLC is Kentucky limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

46.     Defendant Jeff Ruby's Louisville, LLC's registered agent is Taft Service Solutions Corp., who can be served at 50 East Rivercenter Boulevard, Suite 850, Covington, Kentucky 41011.

47.     Defendant Jeff Ruby's Louisville, LLC is the entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Louisville, located at 325 West Main Street, Louisville, Kentucky 40202.

48.     Defendant Jeff Ruby's Louisville, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Louisville within the meaning of the FLSA and KWHA.

49.     Defendant Jeff Ruby's Nashville, LLC is an Ohio limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

50.     Defendant Jeff Ruby's Nashville, LLC's registered agent is Taft Service Solutions

Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

51.     Defendant Jeff Ruby's Nashville, LLC is the entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Nashville, located at 300 4th Avenue North, Nashville, Tennessee 37219.

52.     Defendant Jeff Ruby's Nashville, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Nashville within the meaning of the FLSA.

53.     Together, Defendants comprise the enterprise Jeff Ruby Culinary Entertainment.

54.     Defendants have a common corporate headquarters, which are publicly identified as the corporate headquarters of Jeff Ruby Culinary Entertainment, located at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

55.     Defendants share the same Jeff Ruby Culinary Entertainment corporate executive team, management, and ownership.

56.     Defendants hold themselves out as, act as, and in fact comprise a single enterprise that has more than 800 employees.

57.     Defendants centrally control employment policies and practices for all of their seven steakhouses.

58.     Defendants' corporate-level management, including executives and human resources officials, conduct all-restaurant meetings and travel to each restaurant regularly to oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

59.     Defendants share a common purpose of operating luxury steakhouse restaurants.

60.     Defendants transfer employees between restaurants, including both management-

level employees and Tip Credit Employees (as defined above).

61.     Defendants' enterprise acts through each of the Defendants.

62.     Furthermore, each of the Defendants acts directly in the interest of itself and of the other entities comprising the enterprise as an employer in relation to the employees at each of the seven steakhouses.

63.     Thus, each Defendant is a "person" (within the meaning of the FLSA, KWHA, and Ohio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a), (d); KRS 337.010(1)(d); O.R.C. 4112.01(A).

64.     As a result, Defendants, both individually and collectively, employ the employees of each of the seven steakhouses within the meaning of the FLSA, KWHA, and the Ohio Wage Laws.

## IV.  FACTS

65.     Plaintiffs and those similarly situated are current and former Tip Credit Employees (as defined above) of Defendants at one or more of the seven Jeff Ruby's restaurants in Cincinnati, Ohio (three restaurants); Columbus, Ohio (one restaurant); Lexington, Kentucky (one restaurant); Louisville, Kentucky (one restaurant); and Nashville, Tennessee (one restaurant).

66.     At all relevant times, Defendants paid Plaintiffs and other Tip Credit Employees an hourly wage below the applicable federal and state minimum wage rates.

67.     Defendants purported to utilize the tip credit to comply with their minimum wage obligations to Plaintiffs and other Tip Credit Employees under the FLSA, KWHA, and Ohio Wage Laws.

68.     Defendants used and took a portion of the tips earned by Plaintiffs and other Tip Credit Employees for the purpose of sharing those tips with back-of-house employees who did not

earn the tips and who did not interact with customers or had only *de minimis* interactions with customers, such as service bartenders (who, like cooks, worked entirely in the back of the house).

69. Defendants then shared the tips they took from Plaintiffs and other Tip Credit Employees with those back-of-house employees.

70. This benefited Defendants by subsidizing the costs of employing the back-of-house employees who received these tips.

71. Defendants required Plaintiffs and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below the applicable federal and state minimum wage rates, including:

     a. At the beginning of their scheduled shifts, prior to serving customers and including the time when no customers were present in the restaurant (*e.g.*, non-tip-producing and directly supporting work, such as, polishing glassware and silverware, rolling silverware, cleaning booths and baseboards, sweeping, mopping, stocking server stations, bringing in trash cans, slicing bread, slicing butter, polishing and preparing place settings, loading glasses into racks, attending a pre-shift meeting, folding linens (for tables, breads, and wine presentation), etc.);

     b. At the end of their scheduled shifts, after serving customers and including the time when no customers were present in the restaurant (*e.g.*, non-tip-producing and directly supporting work, such as, taking out trash, polishing glassware and silverware, cleaning booths and baseboards, sweeping, mopping, vacuuming, rolling silverware, folding linens (for tables, breads, and wine presentation), completing tip-out tasks, etc.); and,

     c. Throughout their scheduled shifts, during time periods when some customers were present in the restaurants (*e.g.*, non-tip-producing and directly supporting work, such as, polishing glassware and silverware, rolling silverware, cleaning booths and baseboards, sweeping, mopping, stocking server stations, bringing in trash cans, slicing bread, slicing butter, polishing and preparing place settings, loading glasses into racks, folding linens (for tables, breads, and wine presentation), etc.).

72. For example, Plaintiffs typically arrived at their scheduled worktime as reflected in Defendants' records approximately one and a half to two hours prior to the restaurant opening to

12

serve customers in order to perform non-tip-producing and directly supporting work tasks (including the tasks listed above above) while being paid at a tipped hourly rate of less than $7.25 (or the applicable Ohio minimum wage rate).

73.     Defendants frequently required Plaintiffs to spend this time working at the beginning of their shifts without being clocked in for pay purposes as reflected in Defendants' records of their scheduled start time when they arrived and their clock-in time when they were finally able to clock in for pay purposes.

74.     Plaintiffs and other Tip Credit Employees worked more than *de minimus* amounts of time performing work while paid at the lower tipped hourly rate after serving customers and including the time when no customers were present in the restaurant. None of this time was worked as part of a tipped occupation.

75.     For example, Plaintiffs typically continued working for approximately one to one-and-a-half hours after they had finished serving his last customers in order to perform maintenance, janitorial and/or food preparation work tasks (including the tasks listed above above) while being paid at a tipped hourly rate of less than $7.25 (or the applicable Ohio minimum wage rate).

76.     This maintenance, janitorial and/or food preparation work throughout each shift while serving customers took up a substantial portion of their time while paid at the lower tipped hourly rate.

77.     For example, Plaintiffs typically spent approximately 20 to 30 minutes of each hour while customers were present in the restaurant performing non-tip-producing and directly supporting work tasks (including the tasks listed above above) while being paid at a tipped hourly rate of less than $7.25 or the applicable Ohio minimum wage rate.

13

78.     Defendants had a policy and practice of requiring Plaintiffs and other Tip Credit Employees to remit a portion of the tips they received from customers to other employees  and pursuant to a tip-sharing arrangement .

79.     Remitting tips to other employees, including back-of-house employees who do not interact with customers, is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

80.     Defendants knew or should have known that their compensation practices and policies for Plaintiffs and other Tip Credit Employees violated the FLSA and applicable state laws.

81.     Jeff Ruby and Defendants Jeff Ruby Culinary Entertainment, Inc., Carlo & Johnny's, Ltd., and Jeff Ruby Steakhouse, LLC, have been named as Defendants in an FLSA collective action for violations related to the tip-credit provisions previously and have therefore been put on notice of those requirements. *See Lapinski v. Jeff Ruby Culinary Entertainment, Inc., et al.*, No. 1:13-cv-00595-SJD (S.D. Ohio 2013).

82.     Defendants' corporate and restaurant management specifically told employees, including Plaintiffs and Tip Credit Employees that the sharing of tips with back-of-house employees (*e.g.*, service bartenders) took place in cash because those employees were not allowed to receive tips.

## V.  COLLECTIVE ACTION ALLEGATIONS

83.     Plaintiffs assert their FLSA claims as a collective action on behalf of the following employees who filed their written consent pursuant to 29 U.S.C. § 216(b) in *Lamb* I:

> All current and former Tip Credit Employees (as defined herein) at any of Defendants seven Jeff Ruby's restaurants at any time since February 27, 2021.

84.     Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and these similarly situated individuals, having worked pursuant to the common policies described

14

herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VI.  KENTUCKY CLASS ALLEGATIONS

85.     Plaintiff Lamb brings his Kentucky state law claims on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tip Credit Employees (as defined herein) at Defendants Lexington, Kentucky and Louisville, Kentucky Jeff Ruby's restaurants at any time since February 27, 2019.[2]

(the "Kentucky Class").

86.     Plaintiff Lamb asserts his claim for minimum wages under the KWHA due to Defendants' mandatory tip sharing arrangements on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following subclass of the Kentucky Class:

> All current and former Tip Credit Employees (as defined herein) at Defendants Lexington, Kentucky and Louisville, Kentucky Jeff Ruby's restaurants at any time from February 27, 2019 until on or before June 30, 2022.

(the "Mandatory Tip Pool Subclass").

87.     Plaintiff Lamb is a member of the Kentucky Class and the Mandatory Tip Pool Subclass he seeks to represent.

88.     Defendants have employed hundreds of Tip Credit Employees at their Lexington and Louisville Jeff Ruby's restaurants. Thus, the Kentucky Class and the Mandatory Tip Pool Subclass are sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

89.     Plaintiff Lamb and the members of the Kentucky Class (including the Mandatory

---

[2]      The statute of limitations for claims under the KWHA and for unjust enrichment is five years. KRS 413.120.

Tip Pool Subclass) share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff Lamb and the members of the Kentucky Class he seeks to represent are subject to the same compensation and tip policies. As a result, the Kentucky Class shares several factual and legal questions, including, for example: (1) whether Defendants required their Tip Credit Employees to share tips with employees who have no or only *de minimis* interaction with customers; (2) whether Defendants required Tip Credit Employees to spend excessive amounts of time performing non-tip-producing and directly supporting work tasks at the lower tipped hourly rate; and (3) whether Defendants required their Tip Credit Employees to remit their earned tips to other employees.

90.    Plaintiff Lamb's claims are typical of the claims of the Kentucky Class (including the Mandatory Tip Pool Subclass), satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the KWHA is not the result of any Plaintiff-specific circumstances. Rather, it arises from their common pay policies and practices, which they applied generally to all Tip Credit Employees, including Plaintiff Lamb. Thus, in advancing his own claims, Plaintiff Lamb will also be advancing the claims of the Kentucky Class (including the Mandatory Tip Pool Subclass).

91.    Plaintiff Lamb will fairly and adequately represent and protect the interests of the Kentucky Class (including the Mandatory Tip Pool Subclass), satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff Lamb's interests are shared with the Kentucky Class (including the Mandatory Tip Pool Subclass) and Plaintiff Lamb has no interests that conflict with those of the Kentucky Class (including the Mandatory Tip Pool Subclass). Furthermore, Plaintiff Lamb has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

16

92.     By failing to pay Tip Credit Employees all required minimum and overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Kentucky Class (including the Mandatory Tip Pool Subclass) predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff Lamb is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VII. OHIO CLASS ALLEGATIONS

93.     Plaintiff Belmont brings his Ohio state law claims on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tip Credit Employees (as defined herein) at Defendants' Jeff Ruby's restaurants located in Ohio at any time since February 27, 2021.

("the Ohio Class").

94.     Class action treatment of the Ohio Class's claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedures 23's class action requisites are satisfied.

95.     The Ohio Class, upon information and belief, includes over dozens of individuals, all of whom are readily ascertainable based on Defendants' standard payroll records and are so numerous that joinder of all class members is impracticable.

96.     Plaintiff Belmont is a member of the Ohio Class, his claims are typical of the claims of other class members, and he has no interest that is antagonistic to or in conflict with the interests of other class members.

97.     Plaintiffs and their counsel will fairly and adequately represent the Ohio Class members and their interests.

98.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' companywide pay policies. The legality of these policies will be

determined through the resolution of generally applicable legal principles to a common set of facts. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other methods for the fair and efficient adjudication of this litigation.

## VIII. CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE AND
### OVERTIME REQUIREMENTS OF THE FLSA

99.     All previous paragraphs are incorporated as though fully set forth herein.

100.     Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

101.     Plaintiffs and all similarly situated individuals are employees entitled to the FLSA's protections.

102.     Defendants are employers covered by the FLSA.

103.     The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

104.     The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

105.     The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

106.     While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiffs and other Tip Credit Employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

18

107. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by requiring Plaintiffs and other Tip Credit Employees to: (1) share tips with employees who have no or only *de minimis* interaction with customers; (2) spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek) and not working in a tipped occupation for defined periods of time; and (3) spend time working at the beginning of their shifts without being clocked in for pay purposes as reflected in Defendants' records of their scheduled start time when they arrived and their clock-in time when they were finally able to clock in for pay purposes.

108. As a result, Defendants forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations.

109. As such, Defendants have violated the FLSA by failing to pay Plaintiffs and all similarly situated individuals for all time worked at $7.25 per hour (and $10.88 per hour for hours over 40 in a workweek).

110. Plaintiffs and all similarly situated individuals are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

111. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II:
## VIOLATION OF THE MINIMUM WAGE AND
## OVERTIME REQUIREMENTS OF THE KWHA

112. All previous paragraphs are incorporated as though fully set forth herein.

113. Plaintiff Lamb asserts this claim on behalf of himself and members of the Kentucky Class (including the Mandatory Tip Pool Subclass), pursuant to Fed. R. Civ. P. 23.

19

114. Plaintiff Lamb and the Kentucky Class (including the Mandatory Tip Pool Subclass) are employees entitled to the KWHA's protections.

115. Defendants are employers covered by the KWHA.

116. The KWHA entitles employees to a minimum hourly wage of $7.25 for every hour worked. KRS 337.275.

117. The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

118. The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). KRS 337.275, 337.285.

119. While restaurants may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff Lamb and other Tip Credit Employees, they forfeit the right to do so when certain requirements are not met. *See* KRS 337.010(2)(d), 337.275(2); 803 KAR 1:080 § 3.

120. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by requiring Plaintiff Lamb and the Kentucky Class to: (1) remit tips to back-of-house employees who have no or only *de minimis* interaction with customers; (2) spend substantial amounts of time performing non-tip-producing and directly supporting work (*i.e.*, work while not in an occupation in which they qualify as tipped employees) while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek); and (3) spend time working at the beginning of their shifts without being clocked in for pay purposes as reflected in Defendants' records of their scheduled start time when they arrived and their clock-in time when they were finally able to clock

20

in for pay purposes..

121. Furthermore, until and through June 30, 2022, the KWHA prohibits employers from requiring employees to remit all or a portion their tips for distribution among other employees (*i.e.*, mandatory tip pools). KRS 337.065.

122. Until and through June 30, 2022, employers forfeited the tip credit when they require their tipped employees—such as Plaintiff Lamb and the Tip Credit Employees—to share tips with the employer or any other restaurant employees. *See* KRS 337.275(2); 803 KAR 1:080 § 3.

123. By requiring Plaintiff Lamb and the Mandatory Tip Pool Subclass of the Kentucky Class to share tips with other employees Defendants have forfeited their right to utilize the tip credit in satisfying its minimum wage and overtime obligations to Plaintiff Lamb and the Mandatory Tip Pool Subclass of the Kentucky Class.

124. As such, Defendants have violated the KWHA's minimum wage mandate by paying Plaintiff Lamb and the Kentucky Class (including the Mandatory Tip Pool Subclass) an hourly wage below $7.25 for regular hours worked.

125. Plaintiff Lamb and members of the Kentucky Class are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to KRS 337.385.

126. In violating the KWHA, Defendants have acted willfully and with reckless disregard of clearly applicable KWHA provisions.

**COUNT III:**
**UNLAWFUL RETENTION OF TIPS UNDER THE FLSA**

127. All previous paragraphs are incorporated as though fully set forth herein.

128. Plaintiffs assert this claim on behalf of themselves and all similarly situated

individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

129. Plaintiffs and all similarly situated individuals are employees entitled to the FLSA's protections.

130. Defendants are employers covered by the FLSA.

131. Under the FLSA, "an employer may not keep tips received by its employees for any purposes." 29 U.S.C. §§ 203(m)(2)(B). This is true "regardless of whether or not the employer takes a tip credit." *Id.*

132. U.S. Department of Labor regulations concerning tip-sharing arrangements (or "tip pooling") provide that an "employer may require an employee for whom the employer takes a tip credit to contribute tips to a tip pool only if it is limited to employees who customarily and regularly receive tips" and that the "employer may not retain any of the employees' tips for any other purpose." *See* 29 C.F.R. § 531.54(c).

133. Defendants unlawfully used and retained a portion of the tips earned by Plaintiffs and all those similarly situated and shared those tips with back-of-house employees who do not customarily and regularly receive tips and who have no or insufficient customer interaction.

134. Put differently, Defendants took these tips and used them to pay their back-of-house employees money in addition to their hourly wage.

135. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT IV:
## UNLAWFUL RETENTION OF TIPS UNDER THE KWHA

136. All previous paragraphs are incorporated as though fully set forth herein.

137. Plaintiff Lamb asserts this claim on behalf of himself and members of the Kentucky Class (including the Mandatory Tip Pool Subclass), pursuant to Fed. R. Civ. P. 23.

22

138. Plaintiff Lamb and the Kentucky Class (including the Mandatory Tip Pool Subclass) are employees entitled to the KWHA's protections.

139. Defendants are employers covered by the KWHA.

140. Under the KWHA, an employer is not permitted to retain tips for any purpose except for the purpose of withholding amounts required by federal or state law or for purposes of safekeeping as part of a lawful tip pool. KRS 337.065.

141. Until and through June 30, 2022, when the amendments to KRS 337.065 went into effect, an employer was not permitted under the KWHA to require the sharing of any tips and to retain those tips for any purpose.

142. Defendants unlawfully used and retained a portion of the tips earned by Plaintiff Lamb and members of the Kentucky Class (including the Mandatory Tip Pool Subclass) and shared those tips with back-of-house employees who do not customarily and regularly receive tips and who have no or insufficient customer interaction.

143. Put differently, Defendants took these tips and used them to pay their back-of-house employees money in addition to their hourly wage.

144. As a result, Plaintiff Lamb and members of the Kentucky Class (including the Mandatory Tip Pool Subclass) are entitled to recover the tips Defendants unlawfully withheld. KRS 337.385(1).

145. In violating the KWHA, Defendants acted willfully and with reckless disregard of clearly applicable KWHA provisions.

## COUNT V:
## VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a

146. All previous paragraphs are incorporated as though fully set forth herein.

147. Plaintiff Belmont asserts this claim on behalf of himself and the members of the

23

Ohio Class pursuant to Fed. R. Civ. P. 23.

148.    Plaintiff Belmont and the Ohio Class are employees within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34(a) protected by the mandates of the Ohio Constitution.

149.    Defendants are employers and constitute a single employer within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II. § 34(a) required to comply with the mandates of the Ohio Constitution.

150.    Article II, Section 34(a) of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2024—$10.45 per hour; 2023—$10.10 per hour; 2022—$9.30 per hour; 2021—$8.80 per hour).

151.    Article II, Section 34(a) of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

152.    In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

153.    Section 3(m) of the FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

154.    Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2).

155.    Here, by unlawfully keeping and using  tips earned by Plaintiff Belmont and the Ohio Class to pay back-of-house, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

156.    The FLSA further prohibits employers from taking a tip credit if the employer allows non-customarily and regularly tipped employees in its tip pool or tip sharing arrangements.

24

29 U.S.C. § 203(m).

157. Defendants have violated this provision companywide by keeping tips received by Plaintiff Belmont and the Ohio Class by allowing non-customarily and regularly tipped employees to participate in its tip pool or tip sharing arrangements.

158. Employers also may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

159. Here, by utilizing a tip credit even when Plaintiff Belmont and the Ohio Class perform work that directly supports tip-producing work for a substantial amount of time, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

160. Further, when not utilizing a tip credit during Plaintiffs' Off-Service Hours worked, Defendants compensated Plaintiff Belmont and the Ohio Class at a rate below the relevant Ohio minimum wage, in violation of Ohio Wage Laws.

161. As such, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Plaintiff Belmont and the Ohio Class an hourly wage below the required minimum wage.

## COUNT VI:
## VIOLATION OF THE OVERTIME REQUIREMENTS
## OF THE OHIO WAGE ACT

162. All previous paragraphs are incorporated as though fully set forth herein.

163. Plaintiff Belmont asserts this claim on behalf of himself and members of the Ohio Class, pursuant to Fed. R. Civ. P. 23.

164. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

25

165. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

166. At all times material to this Complaint, Defendants were employers and constitute a single employer covered by the Ohio Wage Act and thus has been required to comply with its mandates.

167. At all times material to this Complaint, Plaintiff Belmont and the Ohio Class were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

168. At all times material to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff Belmont and the Ohio Class for all hours worked at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Plaintiff Belmont and the Ohio Class for all hours worked over forty (40) hours in a workweek at a rate not less than one-and-a-half times the appropriate regular rate.

169. Plaintiff Belmont and the Ohio Class are not exempt from the wage protections of Ohio law. During material times, Plaintiff Belmont and the Ohio Class were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq.*

170. In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

26

171.    Plaintiff Belmont and the Ohio Class are entitled to unpaid overtime and other compensation, liquidated damages, interest, and attorneys' fees and expenses, and all other remedies available as compensation for Defendants' violations of O.R.C. § 4111.03, by which Plaintiff Belmont and the Ohio Class have suffered and continue to suffer damages.

## COUNT VII:
## VIOLATION OF THE OHIO PROMPT PAY ACT

172.    All previous paragraphs are incorporated as though fully set forth herein.

173.    Plaintiff Belmont asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

174.    At all times relevant to this Complaint, Defendants were Plaintiff Belmont and the Ohio Class's employers and constitute a single employer and were required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

175.    The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

176.    At all times material to this Complaint, Defendants have refused to pay Plaintiff Belmont and the Ohio Class all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandated minimum wage rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

177.    Plaintiff Belmont and the Ohio Class's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

178.    Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

27

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A.     An order permitting this litigation to proceed through trial as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 and ordering prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Kentucky Class (including the Mandatory Tip Pool Subclass) and the Ohio Class;

C.     A finding that Defendants have violated the FLSA, KWHA, and the Ohio wage Laws;

D.     A finding that Defendants' violations of the FLSA, KWHA, and the Ohio Wage Laws are willful and not in good faith;

E.     A judgment against Defendants and in favor of Plaintiffs and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid and underpaid wages and unlawfully retained tips that Defendants have failed and refused to pay in violation of the FLSA;

F.     A judgment against Defendants and in favor of Plaintiff Lamb and the Kentucky Class (including the Mandatory Tip Pool Subclass) for all unpaid and underpaid wages and unlawfully retained tips that Defendants have failed and refused to pay in violation of the KWHA;

G.     A judgment against Defendants and in favor of Plaintiff Lamb and the Kentucky Class (including the Mandatory Tip Pool Subclass) for all unlawfully retained tips;

H.     A judgment against Defendants and in favor of Plaintiff Belmont and the Ohio class for all unpaid and underpaid wages and unlawfully retained tips that Defendants have failed and

refused to pay in violation of the Ohio Wage Laws.

I.      Prejudgment and post-judgment interest to the fullest extent permitted under the law;

J.      Liquidated damages, treble damages, interest, and other monetary penalties to the fullest extent permitted under the FLSA, KWHA, and the Ohio Wage Laws;

K.      Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, KWHA, Ohio Wage Laws, and Federal Rules of Civil Procedure; and,

L.      Such other and further relief as this Court deems just and proper in equity and law.

## X.  JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: August 21, 2025               Respectfully submitted,

s/ David W. Garrison
David W. Garrison (TN Bar No. 24968)
Joshua A. Frank (TN Bar No. 33294)
Nicole A. Chanin (TN Bar No. 40239)
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

Robert E. DeRose (OH Bar No. 0055214)*
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
bderose@barkanmeizlish.com

* Forthcoming Motion for Admission *Pro Hac Vice*

*Attorneys for Plaintiffs*

29