IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JONATHAN LAMB *et al.*, on behalf of** *themselves and all others similarly situated* ) ) ) | Case No. 3:25-cv-00949 |
| v. ) ) | Judge Richardson Magistrate Judge Holmes |
| **JEFF RUBY CULINARY ENTERTAINMENT, INC.** *et al.* ) ) | |

**O R D E R**[1]

Pending before the Court is Plaintiffs' "Motion for Rule 23 Class Certification for Settlement Purposes, for Preliminary Approval of Rule 23 Class Action Settlement, and for Approval of FLSA Collective Action Settlement" (Docket No. 45), which is represented to be unopposed. For good cause shown, and as more fully explained below, Plaintiffs' motion (Docket No. 45) is **GRANTED**. The Court **ORDERS** as follows:

1. **Preliminary Certification of the Rule 23 Classes.** For the purposes of settlement only, the Court preliminarily finds that the proposed Rule 23 Classes, as defined in the Settlement Agreement between the parties (the "Settlement") (Docket No. 45-1 at 2–35), meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court preliminarily certifies for settlement purposes only, the following proposed Rule 23 Classes:

> All employes in tip credit eligible positions employed by Defendants at their Ohio restaurants at any time from September 12, 2021, to July 11, 2025;

(the "Rule 23 Ohio Class"); and

---

[1] This case is before the magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Docket No. 40.)

All employees in tip credit eligible positions employed by Defendants at their Kentucky restaurants at any time from February 27, 2019, to July 11, 2025;

(the "Rule 23 Kentucky Class"). All members of the Rule 23 Ohio Class and the Rule 23 Kentucky Class are set forth on **REVISED Exhibit B** to the Settlement Agreement. (Docket No. 45-1 at 47–64.)

2. **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Settlement is not finally approved by the Court or if the Settlement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representatives.** The Court conditionally approves: (a) Named Plaintiff Johnathan Lamb as Class Representative of the Rule 23 Kentucky Class; and (b) Named Plaintiff Jim Belmont as Class Representative of the Rule 23 Ohio Class.

4. **Class Counsel.** The Court conditionally appoints as Class Counsel for the Rule 23 Classes David W. Garrison, Joshua A. Frank, and Nicole A. Chanin of Barrett Johnston Martin & Garrison, PLLC; and Robert E. DeRose of Barkan Meizlish DeRose Cox, LLP.

5. **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable, and adequate. The Court finds that: (a) the Settlement resulted from extensive arm's-length negotiations; and (b) the Settlement is sufficient to warrant Court-approved notice of the Settlement to the Rule 23 Classes and a full hearing on approval of the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

6. **Fairness Hearing and Deadlines for Filing of Final Approval Motion and Motion for Payment of Fees, Costs, and Expenses.** A Fairness Hearing will be held on <u>May 19, 2026 at 3:00 p.m. (CT)</u> at the Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203, Courtroom 3D to consider final approval of the Settlement.

Any Rule 23 Class member who wishes to object to the Agreement will be heard at that time. The Fairness Hearing may be adjourned or continued by order of the Court.

Objections must be made in writing by mailing such objections in accordance with the Court-approved Notice attached to the Settlement as **Exhibit A** (Docket No. 45-1 at 36–46) by no later than sixty (60) days from the date the Notice is issued. This date shall be stated in the Notice. Each objection must include the objector's name, address, telephone number, and signature. Each objecting Rule 23 Class member must state the reasons for the objection to the Settlement. If an objecting Rule 23 Class member wishes to speak at the Fairness Hearing, the written objection must so state and specifically identify all witnesses and materials that the objecting Rule 23 Class member will present at the hearing. Any objecting Rule 23 Class member who fails to properly or timely provide his or her objection to Class Counsel will not be heard during the Fairness Hearing. The Parties shall file objections with the Court and as set forth in the Settlement. Plaintiffs and Class Counsel shall file motions for entry of a final approval order and a motion for payment of attorneys' fees, costs, and expenses no later than fourteen (14) days prior to the Fairness Hearing.

7. **Notice to the Rule 23 Classes.** The Settlement Notice and Claim Form attached, collectively, as **Exhibit A** to the Settlement (collectively, the "Notice Materials") (Docket No. 45-1 at 36–46) are approved. The Court orders that the Defendants provide Class Counsel with a list, in Excel format, of the members of the Rule 23 Classes, including each class member's name, employment identification number, last known mailing address, last known personal email address, last known telephone number, and Social Security Number within fourteen (14) calendar days after the entry date of this Order. The Court orders that the Notice Materials be issued via first-class mail, email, and by Short Message Service (SMS) text message to the Rule 23 Class and potential FLSA Opt-In Plaintiffs within the timeframe set forth in the Settlement. Except as

3

expressly provided in the Settlement, any Rule 23 Class Member who wishes to receive their settlement payment owed pursuant to the Settlement, shall submit their Claim Form within sixty (60) days from the date the Notice Materials were issued. Such date shall be listed in the Notice Materials. FLSA Opt-In Plaintiffs, including Named Plaintiffs who have filed claims to join this action, are not required to submit a Claims Form to receive their settlement payment. Any member of the Rule 23 Classes who wishes to exclude themselves from (or "opt out" of) the Settlement and the preliminarily certified Rule 23 Classes must do so by submitting a written request (an "Opt-Out Statement") in accordance with the instructions set forth in the Notice Materials. The Opt-Out Statements must be received within sixty (60) calendar days from the date the Notice Materials are issued to class members. All members of the Rule 23 Classes who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Settlement, if finally approved, and by any judgment entered upon final approval. The Parties shall file all Opt-Out Statements received with the Court prior to the Fairness Hearing and in accordance with the terms set forth in the Settlement.

8. **Settlement Administration Costs.** In accordance with the Settlement, the Settlement Administrator's costs and fees shall be paid out of the settlement proceeds.

9. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement Agreement.

10. **Stay.** All proceedings in this action other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are stayed and suspended until further order of the Court. Pending final approval of the Settlement, Named Plaintiffs, the FLSA Opt-In Plaintiffs, and the members of the Rule 23 Classes are barred from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claim against any Released Party (as those terms are defined in the Settlement).

11. **Use of Settlement and Ancillary Items.** Neither the Settlement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of the Settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any other action with respect to any issue or dispute, including but not limited to, for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims. Likewise, neither the Settlement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of the Settlement (including matters associated with the mediation) shall be construed as, offered, or admitted in evidence, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties or their counsel of any liability, fault, wrongdoing, omission, or damage.

12. **Approval of FLSA Collective Settlement.** The Court finds that the parties' resolution of the FLSA claims set forth in the Settlement represents a fair and reasonable resolution of bona fide disputes regarding the FLSA claims asserted and approves all forms and procedures

for notice of the FLSA settlement set forth in the Settlement. The FLSA Settlement is therefore APPROVED.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge