# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNATHAN LAMB and JIM BELMONT, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | **CLASS AND COLLECTIVE ACTION** |
| JEFF RUBY CULINARY ENTERTAINMENT, INC., THE PRECINCT, INC., CARLO & JOHNNY'S, LTD., JEFF RUBY STEAKHOUSE, LLC, JEFF RUBY'S COLUMBUS, LLC, JEFF RUBY'S STEAKHOUSE LEXINGTON, LLC, JEFF RUBY'S LOUISVILLE, LLC, and JEFF RUBY'S NASHVILLE, LLC, d/b/a JEFF RUBY CULINARY ENTERTAINMENT, | ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 3:25-cv-00949**<br><br>**MAGISTRATE JUDGE HOLMES**<br>**(by consent)** |
| *Defendants*. | ) | |

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Rule 23 Class Action Settlement, for Payment of Attorneys' Fees, Costs, and Expenses, and for Entry of Judgment (the "Motion").

The Court preliminarily approved the settlement agreement (the "Settlement") that is the subject of this Motion by order entered on December 18, 2025 (the "Preliminary Approval Order"). (Doc. No 47). A copy of the Settlement has been filed as Exhibit 1 to Plaintiffs' Unopposed Motion for Rule 23 Class Certification for Settlement Purposes, For Preliminary Approval of Rule 23 Class Action Settlement, and for Approval of FLSA Collective Action Settlement (Doc. No. 45 – 1) and is incorporated in this order by reference.

On May 19, 2026, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Settlement. The Court has considered all matters submitted to it at the Fairness Hearing, the pleadings on file, the applicable law, and the record. For good cause shown, and as more fully explained below, the Motion is **GRANTED** and the Settlement is **APPROVED** in its entirety. The Court therefore **ORDERS** as follows:

1. **Final Certification of the Rule 23 Classes**. The Court finds that the proposed Rule 23 Classes, as defined in the Settlement, meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court **FINALLY CERTIFIES** the following Rule 23 Classes consisting of:

> All employes in tip credit eligible positions employed by Defendants at their Ohio restaurants at any time from September 12, 2021, to July 11, 2025 (the "Rule 23 Ohio Class"); and

> All employees in tip credit eligible positions employed by Defendants at their Kentucky restaurants at any time from February 27, 2019, to July 11, 2025 (the "Rule 23 Kentucky Class").

(collectively the "Rule 23 Classes").

2. **Class Representatives**. For the purposes of settlement, the Court **FINALLY APPOINTS** (a) Named Plaintiff Johnathan Lamb as a Class Representative of the Rule 23 Kentucky Class; and (b) Named Plaintiff Jim Belmont as Class Representative of the Rule 23 Ohio Class.

3. **Class Counsel**. For the purposes of settlement, the Court **FINALLY APPOINTS** David W. Garrison, Joshua A. Frank, and Nicole A. Chanin of Barrett Johnston Martin & Garrison, PLLC; and Robert E. DeRose of Barkan Meizlish DeRose Cox, LLP as Class Counsel for the Rule 23 Classes.

4. **Approval of the Settlement.** The Court **FINALLY APPROVES** the Settlement and finds that it is fair, adequate, and reasonable because: (1) the settlement agreement is the

2

product of arm's length negotiations; (2) while Plaintiff and Class Counsel believe the class's position is strong, continued litigation would be uncertain, risky, complex, costly, and long; (3) the parties have engaged in extensive exchange of information and documents; (4) Class Counsel and the Class Representatives believe settlement is in the best interest of the class; (6) the reaction of the absent Rule 23 Class members has been positive, with no exclusions, no objections, and excellent participation; and (7) final approval of the settlement is in the public interest. Accordingly, final approval of the Settlement is **GRANTED**. The Settlement is binding on the parties to it and on all members of the Rule 23 Classes and the parties are **ORDERED** to carry out all remaining obligations under the Settlement in accordance with its terms and with this Order.

5. **Notice to the Rule 23 Classes.** The Court determines that the Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best notice practicable under the circumstances and provided all members of the Rule 23 Classes desiring to exclude themselves from, object to, or participate in the settlement with fair and adequate notice of the terms of the proposed settlement and of the Fairness Hearing in clear, concise, and plain language. The Court finds that the Notice Materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable law.

6. **CAFA Notice.** The Court hereby finds that the notice provided by Defendants to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

7. **Release of Claims.** As of the date this judgment becomes final, the Class Representatives and the Rule 23 Classes are forever barred from bringing or presenting any action or proceeding against any Released Parties that involves or asserts any of the Released Claims (as those terms are defined in the Settlement). The Class Representatives and the Rule 23 Classes are

3

deemed to have released and forever discharged the Released Parties from all Released Claims.[1]

8. **Payment of Attorneys' Fees, Expenses, and Costs; and Service Payments.** The Court finds that the payment of $449,079.16 to Class Counsel for Plaintiffs' fees is fair and reasonable because it satisfies the factors set forth in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974) and *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). Accordingly, the Court **GRANTS** the Plaintiffs' request and **APPROVES** payment of $449,079.16 for attorneys' fees. The Court further finds that the $64,695.52 in costs and expenses incurred by Class Counsel were reasonable in connection with litigating and resolving this case and are reimbursable. Accordingly, the Court **GRANTS** the Plaintiffs' request and **APPROVES** payment of $64,695.52 from the common settlement fund to Class Counsel for their out-of-pocket costs and expenses. The Court **GRANTS** the Plaintiffs' request for payment of the costs of the settlement administration from the common settlement fund in the amount of $16,225.32 and **APPROVES** such payment. The Court **GRANTS** the request payment of $10,000.00 to each of the Named Plaintiffs as service payments based on the terms set forth in the Settlement, including in exchange for a general release, as such payments are consistent with those approved in other Court-approved class action settlements, including those approved by this Court.

9. **Dismissal with Prejudice.** All claims in this action are **DISMISSED WITH PREJUDICE,** with each party to bear his, her, or its own costs, except as set forth in this Order.

10. **Dispute Resolution.** Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over this action and over the implementation, administration, and enforcement of this judgment and the Settlement and all matters ancillary to the same.

---

[1]   This Court approved the related FLSA Collective Settlement on December 18, 2025 (Doc. No. 47).

11. **Final Order and Judgment.** The Court hereby enters its final Order approving the terms of the Settlement. The Clerk shall enter judgment accordingly, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

12. **Order for Settlement Purposes**. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

13. **Use of Settlement and Ancillary Items.** Neither the Settlement, nor any ancillary documents, actions, statements, or filings in furtherance of the Settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any other action with respect to any issue or dispute, including but not limited to, for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims. Likewise, neither the Settlement, nor any ancillary documents, actions, statements, or filings in furtherance of the Settlement shall be construed as, offered, or admitted in evidence, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties or their counsel of any liability, fault, wrongdoing, omission, or damage.

It is so **ORDERED**.

_____
BARBARA D. HOLMES
U.S. Magistrate Judge

5